**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: SCIENTIFIC-ATLANTA, INC.**
**Securities Litigation**                                  Case No. 6:08-mc-56-GAP-DAB

**The matter of John Pietri**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION TO COMPEL TESTIMONY (Doc. No. 1)
>
> **FILED:** May 9, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

The motion references a deposition that has allegedly occurred in this district, yet Movant provides no copy of the subpoena issued by this Court or Notice of Taking Deposition, nor a copy of the deposition itself or other record of the questions asked and the claim of privilege.[1] Absent any evidence that the matter is properly before this Court, and absent any showing of the actual assertion of the privilege and the context in which it was asserted, the issue has not been properly presented to this Court, and the motion is therefore **denied**. For the benefit of the parties, and in anticipation of a renewed motion, the Court makes the following observations.

To the extent the deponent presented with a blanket refusal to answer any question, asserting the privilege against self-incrimination, such an assertion is not valid. *See United States v. Vance*, 730

---

[1] There is no "Exhibit A" attached to the document; nor was the exhibit tendered to the Clerk.

F. 2d 736, 738 (11th Cir. 1984); *United States v. Argomaniz*, 925 F. 2d 1349 (11th Cir. 1991) (compliance with an IRS summons). As stated in *Argomaniz*, "a blanket refusal to produce records or to testify will not support a fifth amendment claim." *Id*. at 1356.  Instead, the witness "must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense." *Id*. (citation and quotation omitted).  Absent the transcript, it is impossible for the Court to evaluate whether or not deponent has made an impermissible blanket assertion.

Assuming the deponent did not simply refuse to answer all questions, the applicability of the privilege is not established solely by the "bald assertion of the privilege."  *See United States v. Goodwin,* 625 F.2d 693,700 (11th Cir. 1980). "To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." *Hiibel v. Sixth Judicial Dist. Court of Nevada,* 542 U.S. 177, 189, 124 S.Ct. 2451, 259 L.Ed 2d 292 (2004) *citing United States v. Hubbell*, 530 U.S. 27, 34-38, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000).  The Court must evaluate each such claim carefully.  "A court must make a particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well-founded." *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976).  Should the motion be renewed, the parties are directed to address each disputed question or area of inquiry *with specificity*,  in order for the Court to perform the detailed analysis required.  The parties shall also address whether an *in camera* or other evidentiary hearing is warranted or desired.

**DONE** and **ORDERED** in Orlando, Florida on May 27, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record